[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR CONTEMPT
On December 16, 2002, the court heard the parties on the plaintiffs motion for contempt of the court ordered temporary injunction entered on December 2, 2002. The temporary injunction was ordered after the parties agreed on its terms, and the penalty for violating said order was set at $2500. The defendants were not present for this hearing but were represented by counsel. The plaintiff offered the testimony of its chief executive officer, Raymond Faltinski and a senior vice president, Luke Taffuri.
A 21 page printout from the defendants' website and verbation transcripts of marketing calls and conference calls were also available to the court.
 DISCUSSION
The court cannot recall a more blatant display of cynicism and unprofessional disregard for a court order than was revealed in this proceeding.
These defendants give every indication of considering the terms of the injunction which they consented to as a petty annoyance.
The court finds the defendants in contempt of the injunction ordered on December 2, 2002, as set forth below:
 I
Paragraphs 11 and 12 of the temporary injunction require detailed action by the defendants "immediately." As of December 16, the plaintiff alleged none of these steps had been taken. The defendants did not deny CT Page 16198 the allegation. The court concludes that 14 days elapsed after the December 2 order without compliance with these two sections of the order. This constitutes 28 violations.
 II
Paragraph 9 prohibit the defendants from contacting any of the plaintiffs marketing executives. One Walter Zernis, identified as such a person by the plaintiff was contacted. A transcript of a portion of the phone conversation was submitted and the defendants did not deny its accuracy. This constitutes a violation of the order.
 III
Paragraph 15 requires the defendants to utilize special disclaimer language in all of their calls, meetings, etc. In examples of the defendants' alleged disregard of the disclaimer language, the court notes the jocular, casual and offhand style employed by the defendants. The actual language used is deceptive and inaccurate, or the disclaimer is totally omitted. The court concludes this was done deliberately. These violations were verified by two live calls made to two of the defendants' phone numbers. The disclaimer was absent from their conference calls.
For the 4 live calls into the defendants' numbers, the court finds 4 violations, while the failure to employ the disclaimer or to misuse the same over the period of 14 days in conference calls is found to represent 28 additional violations.
 IV
The 21 pages of material extracted from the defendants' website are also a subject of the plaintiffs motion, based on the restraint imposed in paragraph 13:
 "Restraining the Defendants jointly and/or severally from posting any untrue, slanderous and/or libelous statements on their website about FreeLife either through direct references or innuendo and directing them to immediately remove any such untrue, slanderous and/or libelous statements currently present on their website, from Their website; and"
While the material in question can be criticized on several grounds, the court does not have enough information to make a determination as to whether it violates this part of the injunction. For example, if the CT Page 16199 episodes related were all true, the likelihood of libel and slander is remote. On the assumption that the defendants are representing that it is true by publishing it, the court will accord it First Amendment protection and deny the relief requested at this time.
 V
The request by the plaintiff for an award of counsel fees will be deferred to give the defendants an opportunity to respond. The request and supporting data was filed near the end of the hearing on December 16.
 VI
For the 61 violations of the temporary injunction outlined above, the defendants jointly and severally, are found to be liable and under penalty in the amount of $152,500.
___________________ Anthony V. DeMayo Judge Trial Referee CT Page 16200